**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DEBORAH S. HINES,                                    Case No. 1:09-cv-914

        Plaintiff,                                    Weber, J.
                                                              Bowman, M.J.

     v.

FRANKLIN SAVINGS AND LOAN,

        Defendant.

### REPORT AND RECOMMENDATION

Plaintiff Deborah S. Hines, proceeding *pro se*, filed a complaint alleging that Defendant improperly foreclosed on her home after committing violations of the Truth in Lending Act and other state and federal laws.  The parties have filed cross-motions for summary judgment which have been referred to the undersigned for initial consideration and a Report and Recommendation.  For the reasons that follow, I recommend that Plaintiff's motion be denied and that Defendant's motion be granted.

**I. Background**

According to the complaint, Plaintiff "purported to execute" a mortgage and Note with Defendant on July 29, 2004.  (Doc. 3 at 8).  Plaintiff alleges that the mortgage and note were invalid because they were not signed and/or were not properly witnessed, and that Defendant failed to provide Plaintiff with a signed copy and other required documents.  Also in dispute is whether the same mortgage was modified approximately one year later, on July 12, 2005 to state a lower rate of interest.  (Doc. 26-1 at 17).  Plaintiff alleges that

she sent by fax to Defendant on November 30, 2009 a RESPA request seeking "answers and documents," but that no response was received. (Doc. 3 at 9).

In January of 2009, Defendant instituted foreclosure proceedings in state court based on Plaintiff's alleged failure to repay the note. The Clermont County Common Pleas Court granted relief to the Defendant, with a judgment of foreclosure entered against Plaintiff on July 27, 2009. (*See* Doc. 26-1 at 6; Doc. 23 at 43). In her motion for summary judgment, Plaintiff seeks to overturn the state court judgment on grounds that the state court relied on "false documents" and "fraudulent information." (Doc. 26 at 6).

Plaintiff's 17-page complaint includes 25 numbered state and federal claims. In the enumerated counts, Plaintiff alleges multiple violations of the Truth in Lending Act, ("TILA") and of the Real Estate Settlement Procedures Act ("RESPA") based - as best this court can determine- on Defendant's alleged failure to disclose information and documents during the original execution of the mortgage in 2004 and/or the modification in 2005. Though not contained in a separately numbered "count," Plaintiff also generally alleges that Defendant violated the "Fair Debt Collection Practice Act," the "Equal Credit Opportunity Act" and Ohio mortgage laws. (Doc. 3 at 13).

As relief, Plaintiff seeks "rescission of an illegal and void Mortgage and Note" and for this court to reverse the state court's decision and declare the "foreclosure void." (Doc. 3 at 6). Plaintiff seeks "an injunction to enjoin Defendant from keeping relevant documents..." and an order placing clear title to the foreclosed property back in her name. (Doc. 3 at 14). Plaintiff additionally seeks monetary damages in the amount of "not less than $200.00 and up to $2,000.00 for each" of the alleged violations, as well as an additional amount of $4000.00 for each violation that she alleges constitutes fraud. (*Id.*).

2

Last, Plaintiff seeks damages "in the amount of 3 times the interest paid" due to "usurious interest" previously charged by Defendant, as well as a "return of the down payment, and other payments" with interest, and court costs.  (*Id.* at 14-15).

## II.  Analysis

Plaintiff's complaint and motion present four general issues: 1) whether the state court's foreclosure judgment is legitimate; 2) whether Defendant failed to provide Plaintiff with a 3 day right to rescind the 7/29/2004 transaction; 3) whether Defendant failed to provide Plaintiff with multiple disclosures and documents required by TILA and/or other state or federal laws; and 4) whether Defendant failed to respond to Plaintiff's Qualified Written Request under RESPA.

In Defendant's cross-motion for summary judgment, Defendant persuasively argues that all of Plaintiff's claims are barred by *res judicata*, collateral estoppel and the *Rooker-Feldman* doctrine, to the extent that Plaintiff ultimately seeks reversal of a state court judgment.  Additionally, all of Plaintiff's federal claims with the exception of one RESPA claim are barred by the statute of limitations.

Defendant also presents arguments directed solely to Plaintiff's primary RESPA claim.  With respect to that claim, Defendant argues that it is entitled to judgment as a matter of law because Plaintiff failed to make a "Qualified Written Request" (QWR), because Plaintiff makes a "false oath" in the alleged QWR, because the purported QWR is a forgery, and because Defendant was prevented from communicating with Plaintiff during the pendency of her bankruptcy proceedings.  Last, Defendant asserts that Plaintiff fails to state a RESPA claim under the standard recently stated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and that, at the very least, the court should grant partial summary

3

judgment by limiting Plaintiff's damages to $1,000.00.

### A. Rooker-Feldman Doctrine

This court lacks subject matter jurisdiction over some of Plaintiff's claims under the *Rooker-Feldman* doctrine.   Plaintiff seeks to overturn the state court's judgment of foreclosure.  Under 28 U.S.C. §1257, final judgments of state courts are entitled to receive full faith and credit from federal courts, and lower federal courts lack jurisdiction to review state court decisions.  Plaintiff argues that she should not be barred from presenting the issues to this federal court because she proceeds under "Rule 60, Relief from Judgment..." (Doc. 26 at 19).  However, a litigant may not seek relief from a state court judgment under Federal Rule of Civil Procedure 60.

To the extent that Plaintiff seeks review of the judgment of foreclosure entered by the Clermont County Court of Common Pleas, she was required to appeal to the appellate state court.  Federal appellate review of state court determinations may be obtained only by filing a petition for writ of certiorari in the United States Supreme Court.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The doctrine applies to any case in which a plaintiff attempts to bring an impermissible attack on a state court judgment.  In many of her claims, Plaintiff directly challenges the state court's decision; to that extent, this court lacks subject matter jurisdiction to review Plaintiff's claims.  *Accord Davis v. U.S. Bank*, 2011 WL 93740 (N.D. Ohio Jan. 11, 2011).

On similar facts, other courts have dismissed similar claims *sua sponte* under 28 U.S.C. §1915(e) as "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *See, e.g., Taylor v. Deutsche Bank Nat. Trust Co.*, 2010

4

WL 5463046 (N.D. Ohio, Dec. 29, 2010)(dismissing federal claims under Truth-In-Lending Act, RESPA, and Fair Debt Collection Practices Act, along with many state claims, dismissing complaint seeking an order requiring Defendants to reinstate title to foreclosed property and an injunction, as well as monetary damages); *White v. Wells Fargo Bank*, 2010 WL 4722076 (N.D. Ohio, Nov. 15, 2010)(dismissing claim that Defendant failed to notify plaintiffs of their right to rescind prior to foreclosure, and dismissing suit to return property and quiet title); *see also generally, Anderson v. County of Wayne,* 2010 WL 4259979 (E.D. Mich., Oct. 25, 2010)(collecting cases applying doctrine in challenges to state judgments of foreclosure).

On the other hand, despite the broad application by many courts of the *Rooker-Feldman* doctrine to cases challenging state foreclosure judgments, recent published case law in the Sixth Circuit mandates that this court exercise restraint in declining jurisdiction over *all* of Plaintiff's claims. In this case, Plaintiff does not merely seek reversal of the state court judgment, but also argues that Defendant should be held liable on multiple claims relating to alleged procedural infirmities in the underlying mortgage and Note. Following the Supreme Court's decision clarifying the scope of *Rooker-Feldman* in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. 280, 284 (2005), published decisions by the Sixth Circuit and lower courts within this Circuit have limited application of the doctrine to instances in which the litigant *only* seeks to reverse or set aside the state court foreclosure judgment. Thus, if a litigant presents a claim that is "in any way independent of the state-court judgment" such as "claims based on alleged violations of federal and state law" that are independent of alleged deficiencies in the state-court foreclosure proceedings, a federal court will have jurisdiction. *See Miller v. Countrywide*, ___ F.Supp.2d ___, 2010

5

WL 3894188 at *7-8 (S.D. Ohio Sept. 30, 2010)(*Rooker-Feldman* doctrine did not deprive court of jurisdiction); *see also Brown v. First Nationwide Mortgage Corp.*, 206 Fed. Appx. 438 (6th Cir. 2006)(claim of fraud in procuring state mortgage not precluded by doctrine); *Whitaker v. Deutsch Bank Nat'l Trust Co.*, 605 F. Supp.2d 914, 922 (N.D. Ohio 2009)(Fair Debt Collection Practices Act claim not barred where plaintiffs alleged that defendants provided false information in foreclosure proceedings to obtain state judgments); *Smith v. Encore Credit Corp.*, 623 F. Supp.2d 910, 916-917 (N.D. Ohio 2008)(excercising jurisdiction over RESPA, FCRA, TILA, and state law claims notwithstanding state court foreclosure).

In short, Plaintiff's "Rule 60" claim and any claims in which Plaintiff seeks an order overturning or reversing the state court judgment of foreclosure are barred by the *Rooker-Feldman* doctrine.  However, the doctrine does not preclude subject matter jurisdiction over Plaintiff's independent claims that she has been injured by violations of state and federal law in Defendant's procurement of the underlying mortgage.

### B. *Res Judicata* and Collateral Estoppel

To the extent that this court accepts subject matter jurisdiction over Plaintiff's claims, Defendant argues that it is nevertheless entitled to judgment based upon the twin doctrines of claim or issue preclusion, more formally known as *res judicata* and collateral estoppel. Defendant asserts that Plaintiff and a person identifying himself as Plaintiff's husband contested foreclosure proceedings in state court - an assertion easily verified by reference to the state court docket sheet.  (Doc. 23 at 37-42).

"The concept of issue preclusion, also known as collateral estoppel, will preclude the relitigation of a fact or point that was actually and directly at issue in a previous

proceeding between the same parties or their privies, and was passed upon and determined by a court of competent jurisdiction." *Miller*, 2010 WL 3894188 at *10 (citations omitted).  There is no question that the same parties were previously engaged in the state litigation.  However, the Defendant's mere inclusion of the state court docket sheet in the record of this case is not sufficient to prove that the doctrine of collateral estoppel should apply, because this court cannot determine from the summary descriptions contained therein which, if any, of the issues presented in Plaintiff's complaint were actually and directly at issue in state court.  *Id.*; *see also Smith v. Encore Credit Corp.*, 623 F. Supp.2d 910 (N.D. Ohio 2008).  In fact, Plaintiff's response to Defendant's motion suggests that the issues presented to this court were not previously litigated, because she was "ill, disabled, and unable to bring these issues up....due to her health" and the fact that she proceeds *pro se.* (Doc. 26 at 6-7).  Although a litigant's *pro se* status will not prevent the application of claim or issue preclusion, the suggestion that the precise issues presented in this court were not previously litigated precludes application of collateral estoppel.

Even though the doctrine of collateral estoppel cannot be applied, the broader doctrine of *res judicata*, or claim preclusion, does favor dismissal of both federal and state claims.  Plaintiff's argument that this court should excuse her failure to present her claims in state court based on her "illness" is unavailing.

Attached to Plaintiff's responsive memorandum is a letter dated April 19, 2010 from the Medical Director of LifePoint Solutions indicating that Plaintiff has been a "client" of that agency since July 2006.[1]  The letter further states that Plaintiff has a current diagnosis of

---

[1] According to its website, http://lifepointsolutions.org, LifePoint Solutions is a "comprehensive counseling agency" that offers business services such as corporate wellness programs, vocational services, children and family programs, and counseling services.  Notwithstanding the reference to her diagnoses, the

"Major Depression and a Generalized Anxiety Disorder" which includes a fear of leaving her home, such that making court appearances would be "difficult."  (Doc. 26 at 39). Plaintiff's letter, standing alone, does not preclude application of the doctrine of *res judicata*.  The letter does not state that Plaintiff was incompetent during state court proceedings; in fact, the state court found her to be competent and permitted her spouse to present arguments on her behalf in opposition to the foreclosure action.  Most of Plaintiff's arguments in state court were presented through written memoranda as they have been in this court, and did not require any personal appearance.  The physician's letter, which gives no dates as to Plaintiff's diagnosis, does not suggest that Plaintiff was prevented from personally appearing in court; only that her appearance (again, without reference to dates) would be "difficult."

Turning to the claims presented in Plaintiff's federal complaint, I conclude that all of the same claims could and should have been presented in the state court foreclosure action, whether the claims arise out of state or federal law.  Consistent with *Miller*, I conclude that plaintiff's TILA (Truth in Lending Act) claims could have been raised as a defense to the state court foreclosure action.  *Id.,* 2010 WL 3894188 at *12; *see also Smith v. Encore Credit Corp.*, 623 F. Supp.2d at 920-921 (noting that nothing prevented plaintiffs from presenting TILA or other federal claims during state litigation); *accord Taylor v. Deutsche Bank Nat. Trust Co.*, 2010 WL 5463046 at *3; *White v. Wells Fargo Bank*, 2010 WL 4722076 at *2.  *Anderson v. County of Wayne,* 2010 WL 4259979 at *5.   Therefore, *all* of Plaintiff's state and federal claims presented herein are barred by *res judicata*.

---

referenced correspondence does not indicate what services Plaintiff has used since 2006, or how often she frequents the center.

### C.  Statutes of Limitations

Virtually all of Plaintiff's federal claims, with the exception of one RESPA claim, are also barred by applicable statute of limitations.[2]   For example, Plaintiff's claim that Defendant failed to comply with a 3-day notice provision under 15 U.S.C. §1635(f) so as to entitle Plaitniff to rescission is barred by a 3 year statute of limitations that ran either from the 7/29/2004 closing date, or - at the latest - the July 2005 modification.  *See also Smith v. Encore Credit Corp.*, 623 F. Supp.2d at 920.   Plaintiff's Equal Opportunity Credit Act claim (which is conclusory and facially insufficient) is barred by a two-year statute of limitations that ran from the date of the loan. *See* 15 U.S.C. §1691e(f).

Similarly, Plaintiff's TILA claims concerning Defendant's alleged failure to provide disclosures are barred by the applicable one-year statute of limitations under 15 U.S.C. §1640(e).   Plaintiff's conclusory claim under the Fair Debt Collection Practices Act is also barred by a one-year limitations period.  *See Ruth v. Unifund CCR Partners*, 604 F.3d 908 (6th Cir. 2010); *see also Smith*, 623 F. Supp.2d at 921-922 (multiple claims barred by limitations periods); *Marshall v. Mortgage Electronic Registration Systems,* 2010 WL 3790248 (E.D. Mich., Sept. 22, 2010)(granting summary judgment to Defendant, claims time-barred based on date of loan).  Any RESPA claims based on a "failure to disclose" in 2004 and/or 2005 would also be time-barred by the applicable one year statute, *see* 12 U.S.C. §2614.  The only RESPA claim that would not be time-barred would be Plaintiff's claim that Defendant failed to respond to her "qualified written request" dated November 30, 2009.

---

[2]The Defendant has not addressed and this court has not reviewed the relevant statutes of limitations as to any claims arising exclusively under Ohio law.

### D.  Defendant Entitled to Judgment on remaining RESPA Claim

Plaintiff's complaint attaches as an exhibit her alleged "qualified written request" (QWR) that she contends required the Defendant to respond within sixty days under RESPA.  Defendant argues that it is entitled to summary judgment on that claim because: 1) the alleged QWR fails to "include a statement of the reasons for the belief of the borrower that the account is in error" as required by 12 U.S.C. §2605(e)(1)(b)(ii); 2) Plaintiff has made a false statement before this court regarding the alleged QWR; 3) the purported QWR is a forgery; 4) Defendant was prevented from communicating with Plaintiff due to Plaintiff's bankruptcy; and 5) Plaintiff's RESPA claim fails to state a plausible claim.

The court agrees that Plaintiff has failed to state a RESPA claim to the extent that neither the alleged QWR attached to Plaintiff's complaint nor the version attached to Plaintiff's response in opposition to Defendant's motion for summary judgment include a "statement of the reasons for the belief of the borrower that the account is in error." Despite being labeled by Plaintiff as a "Qualified Written Request," both versions of the letter ask only that Defendant "terminate/remove any and all right, title and interest (liens) in Deborah S. Hines or any property or collateral connected to Deborah S. Hines...." (Doc. 3 at 16).  The letter, dated months *after* Defendant obtained a judgment of foreclosure in state court, concludes with a demand that Defendant: "Immediate [sic] stop of foreclosure a complaint will be filled [sic] in federal district court under fraud, etc against you!" and a request that Defendant "identify all persons who approved the foreclosure of my property." (*Id.*).  Plaintiff's so-called QWR does not state the reasons for the belief that the account is in error, but instead is simply Plaintiff's first post-judgment attack on the state court's decision.  The "request" does not comport with statutory requirements or concern a dispute

10

regarding the servicing of the loan; therefore, Defendant was not required to respond. *Accord Girgis v. Countrywide Home Loans, Inc.,* 2010 WL 4265884 (N.D. Ohio, Oct. 28, 2010); *Consumer Solutions REO, LLC v. Hillery,* 658 F. Supp.2d 1002 (N.D. Cal. 2009). Plaintiff additionally has failed to state a claim under RESPA because she has not alleged that she incurred any actual damages as a result of the alleged failure by Defendant to respond to the purported QWR. 12 U.S.C. §2605(f).

In addition to failing to conform to the requirements of a QWR under RESPA, the alleged QWR attached to Plaintiff's complaint and the second copy of what is purported to be the same QWR attached to Plaintiff's motion for summary judgment differ in material respects.  The difference between the documents - unexplained by Plaintiff- strongly suggests that one or both have been deliberately altered in an attempt to bolster Plaintiff's claims and defraud this court. Defendant additionally argues that by comparing the signature on the purported QWR with other examples of Plaintiff's signature in this record, the court may determine that the QWR signature is a forgery.

The court declines Defendant's invitation to discern which documents in the record contain Plaintiff's true signature.  Although Defendant asserts that the purported QWR is a forgery, Plaintiff alleges that several of the documents used by Defendant in support of its motion for summary judgment are forgeries.[3]  It is unnecessary to determine which of the parties' respective exhibits bear Plaintiff's true signature, in light of the dismissal of all of Plaintiff's claims on other grounds.  For the same reason, it is unnecessary to reach Defendant's other arguments in favor of summary judgment on the lone RESPA claim not

---

[3]Defendant has filed two extensive affidavits and exhibits in an effort to demonstrate the validity of the mortgages and that all required disclosures were made and properly executed.

barred by the statute of limitations, including Defendant's argument that Defendant was precluded from responding to the November 30, 2009 letter by the automatic stay provisions of the bankruptcy code.[4]

### E.  State Law Claims

As discussed *infra*, I conclude that Plaintiff's claims arising under state law are barred by the doctrine of *res judicata* just as are her claims arising under federal law. Plaintiff's response in opposition to Defendant's motion for summary judgment relies primarily on state law to argue that issues of fact and law remain concerning the validity of the mortgage on which the state court's foreclosure judgment is based.

Briefly, Plaintiff cites *In re Huffman*, 369 F.3d 972 (6th Cir. 2004) as support for the proposition that a mortgage not properly witnessed under Ohio law should be declared to be invalid in federal court.  *Huffman* and similar cases cited by Plaintiff concern the avoidance of mortgages in bankruptcy - an entirely different issue than that presented in this case.  Leaving aside that distinction as well as the fact that the original opinion in *Huffman* was amended and superseded by *In re Huffman,* 408 F.3d 290 (6th Cir. 2005), *Huffman* is inapposite because it concerned the interpretation of an Ohio law that has since been repealed.  Neither *Huffman* nor any other case cited by Plaintiff refutes the grounds on which Defendant is entitled to judgment as a matter of law on all of Plaintiff's claims.

As discussed, I have concluded that Defendant is entitled to summary judgment based on the *Rooker-Feldman* doctrine for some claims, pertinent statutes of limitation for

---

[4]Defendant cites no case law to supports its theory that the existence of the stay immunizes it from any liability under RESPA.  While this court has discovered no controlling Sixth Circuit law, cases from other jurisdictions suggest that a lender's obligation to respond under RESPA would not violate the automatic stay provisions of the bankruptcy code.  *See, e.g., In re Pultz,* 400 B.R. 185 (D. Md. 2008); *In re Payne*, 387 B.R. 614 (D. Kan. 2008).

all but one federal claim, and the doctrine of *res judicata* for all state and federal claims.

Should any reviewing court disagree as to the undersigned's analysis of Plaintiff's claims under state law, I would alternatively recommend that this court decline to exercise supplemental jurisdiction over any claims based exclusively on state law. A district court may decline supplemental jurisdiction over claims brought under state law when the court has dismissed all federal claims over which it had original jurisdiction. 28 U.S.C. §1367(c)(3); *see Whitaker v. Deutsch Bank Nat'l Trust Co.*, 605 F. Supp.2d at 931; *Smith v. Encore Credit Corp.*, 623 F. Supp.2d at 922.

### III. Conclusion and Recommendation

For the reasons stated herein, **IT IS RECOMMENDED THAT:**

1. Plaintiff's motion for summary judgment (Doc. 21) be **DENIED;**

2. Defendant's motion for summary judgment (Doc. 22) be **GRANTED**, and that

3. Plaintiff's complaint be dismissed with prejudice.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEBORAH S. HINES,                                    Case No. 1:09-cv-914

        Plaintiff,                                    Weber, J.
                                                     Bowman, M.J.

    v.

FRANKLIN SAVINGS AND LOAN,

        Defendant.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

14