# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**DEBORAH S. HINES,**

        **Plaintiff**

        **v.**                      **C-1-09-914**

**FRANKLIN SAVINGS AND LOAN,**

        **Defendant**


        This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 33) and plaintiff's objections and Addendum Memorandum (doc. nos. 35 and 36).[1] The Magistrate Judge recommended that plaintiff's Motion for Summary Judgment (doc. no. 21) be denied; defendant's Motion for Summary Judgment (doc. no. 22) be granted and plaintiff's Complaint be dismissed with prejudice.

---

[1]On January 31, 2011, the Court notified the defendant that a party shall respond to an opponent's objection within fourteen (14) days after being served with a copy of those objections. (doc. no. 33, p. 14). The objections were served on defendant February 17, 2011. On March 9, 2011, the defendant filed its Response to Plaintiff's Objection (doc. no. 37) out of time. The Response will not be considered by the Court. Fed. Rule Civ. P. 72(b).

2

Plaintiff objects to the Judge's Report and Recommendation on the grounds that his findings are contrary to law.

On December 10, 2009, Deborah S. Hines (plaintiff) filed her 17-page Complaint invoking the subject matter jurisdiction of this Court under Title 28 U.S.C. § 1331 (doc. no. 3, page 2).

On April 27, 2010, plaintiff filed a 26-page Motion and Affidavit under oath requesting summary judgment in her favor, supported by 40 pages of Exhibits A-P. On February 17, 2010, plaintiff filed her 18-page "Written Objections to the Magistrate Judge's Report and Recommendation with Memorandum in Support," supported by a statement by Dr. Baltazar, a transmittal letter by Dr. Metz, a report of lab results and a document entitled Preliminary Action Plan which is a request for treatment for anxiety and panic attacks. The Preliminary Action Plan rules out major depressive disorder, recurrent unspecified post-traumatic stress disorder and panic disorder with agoraphobia. No diagnosis of these conditions was made. (Doc. no. 35-1, Ex. B, pp. 6-8).

3

There is no evidence in the record that plaintiff was incompetent at any time.  The record demonstrates that she was fully capable of presenting her claims during the critical period.  There is no information she was prevented from timely filing her claims other than her conclusion she was incompetent, a claim completely unsupported by this record.  See *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89 (1990).  Additionally, this claim was not made before the Magistrate Judge.  Plaintiff's claim she may be entitled to invoke the doctrine of equitable tolling is DENIED.

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's remaining objections have either been adequately addressed and properly disposed of by the Judge or present no particularized arguments that warrant specific responses by this Court.  The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Judge.

4

**Accordingly, the Court hereby ADOPTS the Recommendation of the United States Magistrate Judge (doc. no. 33). The Court MODIFIES the Report by striking the alternate suggestion at page 13, lines 2-8. As modified, the Court ADOPTS the Report and Recommendation and incorporates it by reference herein.**

**Plaintiff's Motion for Summary Judgment (doc. no. 21) is DENIED; defendant's Motion for Summary Judgment (doc. no. 22) is GRANTED and plaintiff's Complaint is DISMISSED WITH PREJUDICE.**

**This matter is TERMINATED from the docket of this Court.**

**IT IS SO ORDERED.**

**        s/Herman J. Weber        **
**Herman J. Weber, Senior Judge**
**United States District Court**
